IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 22-CR-171-RM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

VENIETO MONTELONGO,

        Defendant.
_____

**UNOPPOSED MOTION FOR EXCLUSION OF NINETY DAYS FROM SPEEDY TRIAL ACT**
_____

Venieto Montelongo, through counsel, respectfully moves this Court, pursuant to 18 U.S.C. § 3161(h)(7)(A), for a 90-day ends of justice continuance, including a corresponding extension of relevant deadlines, including the pretrial motions deadline. The government does not oppose this motion.

    I.    <u>Procedural Background</u>

On May 12, 2022, the government filed a Criminal Complaint against Mr. Montelongo, alleging a single violation of 18 U.S.C. § 922(g)(1). (See Doc. No. 1). Mr. Montelongo first appeared on this Complaint on May 17, 2022. (See Doc. No. 5). The

1

government subsequently filed an Indictment, on May 19, 2022, alleging two separate violations of 18 U.S.C. § 922(g)(1) with different offense dates. (Doc. No. 9)

The amount of discovery disclosed thus far includes over 200 pages of reports and other records, and 17 video files. Most of the video files range from approximately thirty minutes to one hour in length

Furthermore, because the Indictment alleges two separate incidents, they each require individual investigation and research.

II. Speedy Trial Calculation

Twenty-one (21) days have passed since the filing of the Indictment, not including the date of the present filing. As a result, forty-nine (49) days remain in the original speedy trial period. The original speedy trial date is July 26. 2022. An extension of 90 days would move the 70-day speedy trial date to approximately October 24, 2022.

III. Standard for Continuances

A court shall exclude a period of delay from computing the time within which a trial must commence where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *See* 18 U.S.C. § 3161(h)(7)(A). The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). Pertinent factors that apply to an "ends of justice

2

finding" in the present case include: Pertinent factors that apply to an "ends of justice" finding in the present case include:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.
>
> . . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

*See* 18 U.S.C. §1361(h)(7)(B)(Westlaw 2014).  *See also United States v. Toombs*, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

"Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F.3d 1431, 1435 (10th Cir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States,* 130 S.Ct. 1345 (2010).

 IV. <u>Argument</u>

3

This case meets the criteria set forth in 18 U.S.C. § 3161(h)(7). Mr. Montelongo requests a finding that the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would…result in a miscarriage of justice" and "would deny counsel for the defendant…reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv).

Defense counsel requires 90 additional days to review the discovery materials with Mr. Montelongo, conduct necessary pre-trial investigation, research the pertinent legal issues, prepare appropriate pre-trial motions, and fully advise Mr. Montelongo as to both the likelihood of success or failure at trial and the sentencing range he will face if convicted, as well as prepare for trial or negotiate a favorable disposition with the government on Mr. Montelongo's behalf.

Neither Mr. Montelongo nor the government object to the requested continuance. The failure to grant the requested continuance in this case would result in a miscarriage of justice and would also deny undersigned counsel the reasonable time necessary for effective preparation pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iv).

The nature and facts of the case are such that no amount of diligent work can ensure effective assistance of counsel within the current speedy trial time-frame.. More time is essential to guarantee his right to effective representation. Defense

counsel believes the requested extension would serve the requested purpose and allow for a complete and thorough defense investigation as well as the necessary time for plea negotiation and preparation for motions and trial. The present request is Mr. Montelongo's first request for additional time under the Speedy Trial Act.

WHEREFORE, Mr. Montelongo respectfully requests that this Court issue an Order excluding 90 days from the speedy trial time limitations

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/Kilie Latendresse
KILIE LATENDRESSE
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
kilie.latendresse@fd.org
Attorney for Defendant

5

## CERTIFICATE OF SERVICE

  I hereby certify that on June 9, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

  Albert Buchman, Assistant United States Attorney
  Al.Buchman@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

  Venieto Montelongo (via U.S. Mail)

         s/Kilie Latendresse
         KILIE LATENDRESSE
         Assistant Federal Public Defender
         633 17th Street, Suite 1000
         Denver, CO  80202
         Telephone:  (303) 294-7002
         FAX:  (303) 294-1192
         kilie.latendresse@fd.org
         Attorney for Defendant