IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00171-RM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

VENIETO MONTELONGO,

       Defendant.

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE**

    COMES NOW the United States of America ("United States"), by and through United States Attorney Cole Finegan and Assistant United States Attorney Kurt Bohn, and pursuant to Fed. R. Crim. P. 32.2, 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c), moves this Court to enter a Preliminary Order of Forfeiture. In support, the United States sets forth the following:

    1.    On May 19, 2022, the Grand Jury charged defendant Venieto Montelongo by Indictment with Count One and Count Two, both violations of 18 U.S.C. § 922(g)(1). (ECF Doc. 9). The United States also sought forfeiture from the defendant pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c) of any firearms and ammunition involved in the commission of the offenses, including but not limited to the following: (1) Taurus model G2c 9mm handgun bearing serial number ACC702222, (2) Smith and Wesson model M&P 9c 9mm handgun bearing serial number HTJ9148, (3) all recovered ammunition. (ECF Doc. 9 at 2).

    2.    On September 30, 2022, defendant Venieto Montelongo entered a plea of

guilty to Count One of the Indictment.  (ECF Doc. 30).  The Plea Agreement provides, *inter alia*, that the defendant agreed to plead guilty to Count One.  (ECF Doc. 30 at 1-2). The defendant also agreed to the forfeiture of the above listed assets.  (ECF Doc. 30 at 3-4).  As discussed below, the defendant further agreed to facts that establish a nexus between Count One and the assets.  (ECF Doc. 30 at 6-8).

3. Also in the plea agreement, the United States agreed to dismiss Count Two at sentencing.  (ECF Doc. 30 at 2).  Accordingly, the United States will not seek forfeiture of the firearm and ammunition associated with Count Two, the Smith & Wesson model M&P 9c handgun bearing serial number HTJ9148 and ammunition seized on or about April 27, 2022.

4. Pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, the Court must determine what property is subject to forfeiture under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) as soon as practicable after a plea of guilty.  Under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) any firearm or ammunition involved in violation of 18 U.S.C. § 922(g) is subject to forfeiture.

5. The Court's forfeiture determination may be based on any plea agreement, any other evidence already in the record, and any other additional evidence submitted by the parties that the Court deems relevant and reliable.  Fed. R. Crim. P. 32.2(b)(1)(B).

6. Once the property is determined to be subject to forfeiture, the Court must promptly enter a Preliminary Order of Forfeiture.  Fed. R. Crim. P. 32.2(b)(2)(A). It is mandatory that the Preliminary Order of Forfeiture is entered "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant."  Fed. R. Crim. P. 32.2(b)(2)(B).

7.  As set forth in the Plea Agreement, the defendant agrees that on April 3, 2022, the defendant ran from Greeley Police Department officers. During pursuit, the defendant dropped a backpack. Inside, officers recovered a Taurus, model G2c, 9mm handgun, bearing serial number ACC702222, loaded with six cartridges. Furthermore, officers recovered a Glock handgun magazine containing four cartridges, which the defendant had placed in a nearby trash can during the pursuit. The firearm and ammunition, to include the magazine, had crossed state lines before April 3, 2022.

8.  Accordingly, defendant's interest in the Taurus model G2c 9mm handgun bearing serial number ACC702222 and the ammunition, to include the magazine, recovered on April 3, 2022, is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

9.  A Preliminary Order of Forfeiture is necessary in order for the United States to seize the property subject to forfeiture. In addition, 21 U.S.C. § 853(n) requires that third parties who may have an interest in the property receive notice, via publication, or to the extent practical, direct written notice, of the forfeiture and the United States' intent to dispose of the property. The United States cannot accomplish the seizure, notice, and publication without a Preliminary Order of Forfeiture.

WHEREFORE, the United States moves this Court to enter the Preliminary Order of Forfeiture tendered herewith, for the reasons set forth above.

DATED this 20th day of December 2022.

Respectfully submitted,

COLE FINEGAN
United States Attorney

By:  s/ *Kurt Bohn*
Kurt Bohn

Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Ste. 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
E-mail: kurt.bohn@usdoj.gov
*Attorney for the United States*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of December 2022, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notice to all counsel of record.

s/*Sheri Gidan*
FSA Paralegal
Office of the U.S. Attorney

4